# CROSS *v.* UNITED STATES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 78.  Submitted October 23, 1916.—Decided November 13, 1916.

Under the Naturalization Act of June 29, 1906, 34 Stat. 596, c. 3592, fees may not rightfully be charged against the United States by a clerk of a federal court for making triplicate copies of declarations of intention, or for attaching the seal of the court thereto, pursuant to the direction of the Bureau of Immigration and Naturalization.

The Naturalization Act, by the affirmative provisions of §§ 12 and 13 defining duties and fees, and by the express prohibition against additional charges, contained in § 21, precludes any right of the clerk which might otherwise exist under Revised Statutes, § 828, to charge fees against the United States for the services here in question.

50 Ct. Clms. 413, affirmed.

The case is stated in the opinion.

*Mr. Frank B. Crosthwaite* and *Mr. E. F. Colladay* for appellant.

*Mr. Assistant Attorney General Thompson* for the United States.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The question for decision is, did the court below err in rejecting the claim of the plaintiff, who is the appellant,

to recover an amount based upon his asserted right as clerk of the United States District and Circuit Courts for the District of Rhode Island to be paid fees for making on the direction of the Bureau of Immigration and Naturalization triplicate copies of original declarations of intention for naturalization and attaching the seal of the court to the same?

The solution of the inquiry depends upon a consideration of §§ 12, 13 and 21 of the Naturalization Act of June 29, 1906, 34 Stat. 596, c. 3592, and the relation to those provisions of § 828, Rev. Stat.

By § 12 it is provided that it shall be the duty of the clerk of every court exercising jurisdiction in naturalization matters "to keep and file a duplicate of each declaration of intention made before him and to send to the Bureau of Immigration and Naturalization at Washington, within thirty days after the issuance of a certificate of citizenship, a duplicate of such certificate, and to make and keep on file in his office a stub for each certificate so issued by him. . . . It shall also be the duty of the clerk of each of said courts to report to the said Bureau, within thirty days after the final hearing and decision of the court, the name of each and every alien who shall be denied naturalization, and to furnish to said Bureau duplicates of all petitions within thirty days after the filing of the same, and certified copies of such other proceedings and orders instituted in or issued out of said court affecting or relating to the naturalization of aliens as may be required from time to time by the said Bureau."

By § 13 provision is made for the following fees: "For receiving and filing a declaration of intention and issuing a duplicate thereof, one dollar. For making, filing, and docketing the petition of an alien for admission as a citizen of the United States and for the final hearing thereon, two dollars; and for entering the final order and the issu-

ance of the certificate of citizenship thereunder, if granted, two dollars."

In their ultimate analysis all the arguments for reversal must come to one or the other or both of the following propositions: (a) That the declarations of intention were not proceedings in naturalization covered by § 12 and therefore the services rendered were outside of that section and governed, not by the enumeration of fees in § 13, but by the general provisions of § 828, Rev. Stat., authorizing a charge by clerks of ten cents per folio "for a copy of any entry or record, or of any paper on file" and a fee of twenty cents "for affixing the seal of the court to any instrument, when required." Or (b) if the declarations of intention of which triplicate copies were furnished were proceedings in naturalization and within the requirements of § 12, payment for such copies was not embraced by the fees enumerated in § 13 and therefore the charge for them must be considered as being provided for in § 828, Rev. Stat.

But we are of opinion that both of these propositions are incompatible with §§ 12 and 13 and moreover that to sanction them would disregard the express prohibition of § 21, which is as follows:

"That it shall be unlawful for any clerk of any court or his authorized deputy or assistant exercising jurisdiction in naturalization proceedings, to demand, charge, collect, or receive any other or additional fees or moneys in naturalization proceedings save the fees and moneys herein specified."

We are of opinion the conclusion stated clearly follows from the prohibition of this section for the following reasons: First, if on the one hand it be assumed that the duty to furnish the copies charged for was expressly commanded by § 12, the right to charge for them would be clearly prohibited by § 21 even if no provision for payment was embraced in the fees enumerated in § 13,

since it is apparent from the text that the purpose of the statute was to permit fees to be charged for the services expressly provided for in § 12 only when such fees were enumerated and authorized by § 13,—a conclusion which is additionally apparent since § 12 unmistakably imposes duties for which no fees are provided in § 13, but which are covered by the prohibition of § 21. Second: If on the other hand it be assumed that there is no express provision for furnishing the copies in § 12, but that such duty only arose in consequence of the general provision of that section requiring clerks to furnish "certified copies of such other proceedings and orders instituted in or issued out of said court affecting or relating to the naturalization of aliens as may be required from time to time by the said Bureau," it is equally clear that the prohibition of § 21 would be applicable, since it was plainly intended to prevent resort to extraneous legislation for the purpose of supporting the right to charge a fee for services embraced within the general terms of § 12 when no fee was provided for such services by § 13.

*Affirmed.*